914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Warren E. SAINT THOMAS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 90-3199.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1990.
 
 Before MICHEL, Circuit Judge, BALDWIN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This case is an appeal from the January 8, 1990, Decision of the Merit Systems Protection Board ("Board"), Docket No. SF04328610540-1, which became final on February 12, 1990, sustaining the decision of the Department of the Navy ("Agency") to remove petitioner from his position of management analyst on the ground of unsatisfactory performance. Since petitioner has not shown that the Board's decision was procedurally defective, unsupported by substantial evidence, arbitrary or capricious, we affirm.
 
 BACKGROUND
 
 2
 On August 9, 1989, this court vacated the Board's earlier decision affirming the Agency's decision to remove him, and it remanded the case to the Board for further proceedings. Warren E. Saint Thomas v. Department of the Navy, No. 89-3260, slip op. at 3 (Fed.Cir. Aug. 9, 1989). On September 11th, the Board remanded the case to an administrative judge directing the parties to file "within 30 days ... copies of any briefs or other filings relating to the merits of the appeal to the Federal Circuit which have not been provided to the Board." The Administrative Judge ordered on September 25th that the parties "identify and [sic] submissions relating to the performance period PRIOR to the time the [petitioner] received notice of unacceptable performance."
 
 
 3
 Petitioner responded to this order on October 2nd, identifying his submissions relating to the performance period prior to the time petitioner received the notice of unacceptable performance. The Agency responded to this order on November 29th by submitting a declaration by petitioner's former supervisor for the Agency which noted the occurrence of four errors by petitioner during the period of July 1985 to January 1986.
 
 
 4
 Petitioner responded to this submission by arguing that the Agency's response and submissions should not be accepted because they were submitted forty-nine days after the expiration of the Board's thirty-day time limit, and the rules of evidence and petitioner's due process rights forbid the consideration of the new submissions. The Board found that no time limits had been placed on submitting further evidence. Also, using the above-mentioned submissions, the Board found that the Agency established by substantial evidence four incidents of error and affirmed the Agency decision to remove petitioner; this decision became final on February 12, 1990. Petitioner then appealed to this court on the grounds that the Board went outside the record, its decision was procedurally defective for lack of due process, there is no merit to the allegations charged, and the removal action was arbitrary or capricious.
 
 DISCUSSION
 
 5
 We review the Board's decision to determine if it was arbitrary, capricious, an abuse of discretion, not in accordance with law, procedurally defective or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). This court vacated and remanded the first Board decision and ordered the Board to "consider the parties' submissions relating to the period prior to [petitioner] receiving notice of unacceptable performance, and ... determine whether the agency has established by substantial evidence that the [petitioner] committed more than three instances of error in a performance year."
 
 
 6
 We note first that the order by the Administrative Judge for the parties to identify submissions relating to the performance period prior to the time the petitioner received notice of unacceptable performance did not have any time limit. The Agency thus did not file its relevant submissions late.
 
 
 7
 The Board stated, in its final decision, that since the Administrative Judge had previously precluded the parties from addressing the subject of the petitioner's performance prior to the forty-five day period of the reasonable opportunity to perform, and this court remanded the case for further evidence, the court's order cannot be construed to preclude the taking of evidence by the Board. This court, in its earlier opinion, referred to the fact that errors were alleged for which the Agency offered no proof. Its remand was for the purpose of permitting the Board to consider the parties' submissions as to whether the agency has established by substantial evidence that petitioner committed more than three instances of error in a performance year. Had the court intended the case to be decided using only the record that existed at the time it remanded the case, it would have decided the case then instead of remanding it to the Board.
 
 
 8
 Moreover, 5 C.F.R. Sec. 1201.41(3) provides that Board judges' powers include the authority to rule on offers of proof and receive relevant evidence. The Board thus has broad discretion in receiving relevant evidence; we do not think it was error for it to receive the relevant submissions or that it violated petitioner's due process rights in so doing. Petitioner had an opportunity to be heard as to the receipt of these submissions, but failed to request a hearing on this matter.
 
 
 9
 The documentary evidence submitted by the Agency has not been disputed by petitioner; we conclude that these documents constitute substantial evidence to support the Board's decision. We also conclude that petitioner has not shown the Board's decision to be arbitrary or capricious.
 
 
 10
 AFFIRMED.